UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY P. PEOPLES,

    Petitioner,

v.                                                                             Case No. 3:17cv190-LC-CJK

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 7). Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 23). Petitioner opposes the motion. (Doc. 27). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that the petition should be dismissed as untimely.

BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2013, petitioner was charged with seven crimes in Escambia County Circuit Court Case Nos. 2013-CF-1086 and 2013-CF-1637: two counts of burglary of an unoccupied dwelling, one count of felony petit theft, one count of resisting an officer without violence, one count of grand theft, and two counts of criminal mischief. (Doc. 23, Ex. B1, pp. 1, 178).[1] On June 19, 2013, the morning of trial in Case No. 2013-CF-1086, petitioner resolved all charges in both cases by entering a counseled, negotiated no contest plea to the charged offenses, with an adjudication of guilt, an adjudication as a habitual felony offender on the burglary counts, and a total sentence of 10 years in prison. (Ex. B1, pp. 97-118 (plea hearing transcript), pp. 142-45 (written plea agreement), pp. 147-55 (judgment)). On December 30, 2013, the Florida First District Court of Appeal (First DCA) affirmed the judgment per curiam without opinion. *Peoples v. State*, 129 So. 3d 1072 (Fla. 1st DCA 2013) (Ex. B6).

On July 29, 2015, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. C1, pp. 1-22), which he later amended (*id.*, pp. 26-100, 109-52, 153-97). The state circuit court denied relief without an evidentiary hearing. (Ex. C2, pp. 206-356). The First DCA affirmed per

---

[1] References to exhibits are to those provided at Doc. 23. Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom-most center of the page.

curiam without opinion. *Peoples v. State*, 206 So. 3d 698 (Fla. 1st DCA 2016) (Table) (copy at Ex. C6). The mandate issued January 17, 2017. (Ex. C9).

While his postconviction appeal was pending, on August 17, 2016, petitioner filed a second *pro se* Rule 3.850 motion asserting newly discovered evidence. (Ex. D1, pp. 1-19). The state circuit court dismissed the motion as untimely. (*Id.*, pp. 20-100). The First DCA affirmed per curiam without opinion. *Peoples v. State*, 230 So. 3d 1176 (Fla. 1st DCA 2017) (Table) (copy at Ex. D2). The mandate issued March 28, 2017. (Ex. D3).

Petitioner filed his original federal habeas petition on March 20, 2017. (Doc. 1). Respondent asserts the petition is time-barred. (Doc. 23).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his judgment became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's judgment became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner's judgment became final for purposes of § 2244(d), on March 31, 2014, when the ninety-day period for seeking certiorari from the United States Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that the statute of limitations under § 2244(d) did not begin to run until the 90-day window for filing a certiorari petition with the United States Supreme Court expired). The limitations period began to run one day later, on April 1, 2014, and expired one year later, on April 1, 2015, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

Petitioner filed no applications for State postconviction or other collateral review during the critical period between April 1, 2014, and April 1, 2015. Petitioner's postconviction motions filed after April 1, 2015, do not trigger the

---

[2] March 30, 2014, fell on a Sunday; accordingly, petitioner had until the following day to file a timely certiorari petition. *See* Sup. Ct. R. 30.1.

Case No. 3:17cv190-LC-CJK

tolling benefit of § 2244(d)(2), because the limitations period had already expired. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citations omitted)). Petitioner's federal habeas petition, filed on March 20, 2017, is untimely – a fact petitioner does not dispute. (Doc. 7, p. 18 in ECF).

Petitioner attempts to overcome the statute of limitations bar by asserting that he is "actually innocent" of the burglary in Case No. 2013-CF-1086, due to a defect in the charging information. (Doc. 7, pp. 18-19 in ECF; Doc. 27 (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013))). Specifically, petitioner alleges that the information charged him with burglarizing an unoccupied dwelling located at 3429 Andrew Avenue, owned by William Needham; however, Escambia County has no record of property located at that address.

Actual innocence, if proved, serves as a gateway through which a federal habeas petitioner may pass to overcome a statute of limitations bar to consideration of the merits of his claims. *McQuiggin*, 569 U.S. at 386. "[T]enable actual-innocence gateway claims are rare". *Id*. The petitioner must make a threshold showing that satisfies the *Schlup* standard – the standard of proof governing procedural claims of actual innocence. *Id*. (*citing Schlup v. Delo*, 513 U.S. 298

(1995)). The *Schlup* standard requires the habeas petitioner to demonstrate that constitutional error "probably resulted" in the conviction of one who is actually innocent. *Id.*, 513 U.S. at 324, 326-27. A mere allegation of innocence is not enough; "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329; *see House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met). "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.* (*citing Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner stipulated in his plea agreement, and admitted in open court, that "on March 4, 2013, [he] entered William Needham's home without his permission, with the intent to commit theft". (Ex. B1, pp. 112-13 (plea hearing transcript), p. 142 (written plea agreement); *see also* Ex. B1, p. 1 (charging information in Case No. 2013-CF-1086), p. 4 (arrest report)). Petitioner's "newly discovered evidence"

indicates, at most, a typographical error in the street address identified in the information. This alleged error does not absolve petitioner of the offense of burglary of an unoccupied dwelling. *See* Fla. Stat. 810.02(1)(b) and (3)(b). Petitioner fails to establish a tenable actual innocence claim to overcome the statute of limitations bar.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 23) be GRANTED.

2. That the amended petition for writ of habeas corpus (doc. 7), challenging petitioner's judgments of conviction and sentences in *State of Florida v. Anthony Paul Peoples*, Escambia County Circuit Court Case Nos. 2013-CF-1086 and 2013-CF-1637, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 17th day of July, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.